**Ashley M. Gjovik, JD**
*In Propria Persona*
18 Worcester Sq., Boston, MA.
(415) 964-6272
ashleymgjovik@protonmail.com

# United States Bankruptcy Court

## District of Massachusetts

| | |
|---|---|
| **Ashley M. Gjovik,**<br>Plaintiff/Debtor.<br><br>v.<br><br>**U.S. Dept. of Education,**<br>Defendant.<br><br>**Maximus d.b.a. Aidvantage**<br>Defendant. | Chapter 7 Case No: 25–11496<br>A.P. Case No: 25-01104<br><br>Judge Christopher J. Panos<br><br>Declaration and Proof of Service for Amended Complaint (Dkt. 8). |

# DECLARATION OF SERVICE

1. I, Ashley Marie Gjovik, declare under penalty of perjury that the following is true and correct. I am the Plaintiff in Adversary Proceeding No. 25-01104, and the Debtor in Chapter 7 Bankruptcy Case No. 25–11496. I have personal knowledge of the facts stated herein. If called upon to testify to those facts I could and would competently do so.

2. On August 25 2025, in Case No. 25-01104, at Dkt. No. 8, I filed an Amended Complaint as a matter of course. The U.S. Dept. of Education has already filed a Notice of Appearance and thus was served through the efiling system, but were also provided a courtesy copy via email, and have confirmed receipt.

3. Here, I certify that Maximus d.b.a. Aidvantage has also been served, with service confirmed via email from their counsel at Husch Blackwell. The counsel accepting service was Tom Zavala (email: Tom.Zavala@huschblackwell.com). Additional Husch Blackwell counsel who have called and corresponded on behalf of Maximus d.b.a. Aidvantage include Jakob Seidler (email: Jakob.Seidler@huschblackwell.com). Please see attached exhibit for receipt of email acceptance of service of the Amended Complaint (Dkt. 8), with Husch Blackwell's admission of knowledge and possession of the Original Complaint (Dkt. 1).

4. I declare under penalty of perjury under the laws of the United States of America, and in compliance with Fed. R. Bankr. P. Rule 9011, that the foregoing is true and correct. Executed on August 28 2025 in Boston, Massachusetts.

Respectfully submitted,

*[signature]*

/s/ **Ashley M. Gjovik,** *In Propria Persona*
**August 28 2025 | Boston, MA**

# EXHIBITS

Ashley M. Gjøvik <amgjovik@gmail.com>

# Fw: Aidvantage - Student Loan Discharge Proceeding

**Zavala, Tom** <Tom.Zavala@huschblackwell.com>  Wed, Aug 27, 2025 at 4:15 PM
To: "Ashley M. Gjovik" <amgjovik@gmail.com>
Cc: "Seidler, Jakob" <Jakob.Seidler@huschblackwell.com>, "Fox, Colleen" <Colleen.Fox@huschblackwell.com>, "Brendan.Mockler@usdoj.gov" <Brendan.Mockler@usdoj.gov>, "Tatyana.Flig@usdoj.gov" <tatyana.flig@usdoj.gov>

Hi Ms. Gjovik – There is no scheme to ignore bankruptcy discharge orders. Nonetheless, we understand your position regarding dismissal, and we appreciate your willingness to discuss with us.

Thank you,

Tom

**Tom Zavala**

**Attorney**

Direct: 214-999-6182

Mobile: 925-200-8457

Tom.Zavala@huschblackwell.com

---

**From:** Ashley M. Gjovik <amgjovik@gmail.com>
**Sent:** Wednesday, August 27, 2025 3:10 PM
**To:** Zavala, Tom <Tom.Zavala@huschblackwell.com>
**Cc:** Seidler, Jakob <Jakob.Seidler@huschblackwell.com>; Fox, Colleen <Colleen.Fox@huschblackwell.com>; Brendan.Mockler@usdoj.gov; Tatyana.Flig@usdoj.gov
**Subject:** Re: Aidvantage - Student Loan Discharge Proceeding

[EXTERNAL EMAIL]

Hey Tom,

Thanks for confirming your firm accepts service on behalf of Aidvantage/Maximus and for resolving the email issue.

Just to be clear, even if U.S. DOJ/U.S. DOE were to provide their opinion that Aidvantage/Maximus is an

improper party, that would not cause me to file my own motion to dismiss Aidvantage/Maximus as a defendant, nor would such an opinion be legally binding or preempt an actual court order.

As my complaint notes, I believe Aidvantage/Maximus is a proper defendant in addition to the U.S. government, due to what appears to be a coordinated scheme to not recognize bankruptcy discharge orders as applying to Aidvantage/Maximus. To protect my rights and ensure that if a discharge order is granted I would not still face collections, I have no intention of waiving my position in the complaint.

If you would like to speak with U.S. DOJ/U.S. DOE and request they file a formal motion to dismiss you as a defendant on your behalf, you can of course make that request. However, I am going to insist on formal, public motion practice on this issue. As you know, email communications are not independently legally enforceable, even from government employees.

-Ashley

On Wed, Aug 27, 2025 at 3:59 PM Zavala, Tom <Tom.Zavala@huschblackwell.com> wrote:

> Hi Ms. Gjovik – I added you to my contacts list so hopefully there are no issues responding to my email address. Not sure why my email blocked you.
>
> We can accept service of your amended complaint on behalf of Aidvantage. Further, we are happy to get on a call with the Department of Education representatives, but since they are copied on this email, they can provide written confirmation that Aidvantage is an improper party to the discharge lawsuit as an alternative.
>
> We'll work on a resolution on our end. In the meantime, I can be available for a call to discuss if helpful.
>
> Thank you,
>
> Tom
>
> **Tom Zavala**
>
> **Attorney**
>
> Direct: 214-999-6182
>
> Mobile: 925-200-8457
>
> Tom.Zavala@huschblackwell.com

**From:** Ashley M. Gjovik <amgjovik@gmail.com>
**Sent:** Wednesday, August 27, 2025 2:40 PM
**To:** Zavala, Tom <Tom.Zavala@huschblackwell.com>
**Cc:** Seidler, Jakob <Jakob.Seidler@huschblackwell.com>; Fox, Colleen <Colleen.Fox@huschblackwell.com>; Brendan.Mockler@usdoj.gov; Tatyana.Flig@usdoj.gov
**Subject:** Re: Fw: Aidvantage - Student Loan Discharge Proceeding

[EXTERNAL EMAIL]

Hello Tom and Jakob and Colleen,

As I noted below, I filed an amended complaint on August 25 2025. I believe if you accept service of that complaint either today August 27 2025 (as I noted below that I attached it), or via the efiling on August 25 2025, that your deadline is no longer tomorrow -- but I'm not an attorney.

However, if you refuse to accept service, then I believe you are choosing to keep a deadline of tomorrow for the original complaint, despite that complaint now being replaced, and I cannot advise you of the legal implications of that decision nor would I make any agreement based on those facts.

Further, because your client's basic legal obligations under the government contract include recognizing a bankruptcy discharge as indeed binding on them, I would not agree to not seek a default judgement generally, because a default judgement would just be a court judgement documenting your clients existing obligations.

-Ashley

On Wed, Aug 27, 2025 at 3:29 PM Zavala, Tom <Tom.Zavala@huschblackwell.com> wrote:

> Good afternoon, Ms. Gjovik. Jakob forwarded me your email. Would you please agree informally not to seek a default judgment against us for 2 weeks if we are unable to reach some resolution by tomorrow, which is our answer deadline? As Jakob noted, we are still brainstorming the best path forward with our client, and we require additional time to develop a resolution that works for both of us. We would appreciate your informal agreement to grant us a couple of additional weeks as a professional courtesy.
>
> Thank you,
>
> Tom
>
> **Tom Zavala**
>
> **Attorney**
>
> Direct: 214-999-6182

Mobile: 925-200-8457

Tom.Zavala@huschblackwell.com

---

**From:** Ashley M. Gjovik <amgjovik@gmail.com>
**Sent:** Wednesday, August 27, 2025 1:55 PM
**To:** Seidler, Jakob <Jakob.Seidler@huschblackwell.com>; Brendan.Mockler@usdoj.gov; Tatyana.Flig@usdoj.gov
**Subject:** Re: Fw: Aidvantage - Student Loan Discharge Proceeding

[EXTERNAL EMAIL]

Hey Jakob,

Thanks for your email.

Just to clarify, as I said on our phone call, I was not making any formal requests or agreements, but was willing to further discuss some sort of resolution. I did provide your a brief explanation about why I included Aidvantage/Maximus as a defendant in my complaint (ie, reviewing public complaints from other debtors that claimed Aidvantage/Maximus refused to recognize a bankruptcy court's discharge order and allegedly claimed they were not party to the discharge order so it does not apply to them and they can still collect). I suggested that I'd be willing to discuss other ways to ensure that if my discharge is granted by the court, that Aidvantage/Maximus would recognize that discharge order as legally binding on them as well as binding on the U.S. Dept. of Education, including potentially some sort of enforceable out-of-court agreement.

Please note: I filed an amended complaint on August 25 2025 and I'm attaching it here as email service. It appears you have not filed a notice of appearance or otherwise were not notified by the efiling service. Please advise if I need to re-serve Aidvantage via fax as I did originally, or if you will accept email service (as you are clearly already on notice about the litigation), or if you request some sort of other service.

Please also note that because I'm in bankruptcy, I cannot finalize any sort of pecuniary settlement without approval from my Trustee, which probably also applies to any agreement with Aidvantage/Maximus in this matter. I believe I will need to involve my Trustee if an out-of-court settlement is something we decide we want to pursue.

I also think it would be best if you first discuss your client's concerns with the U.S. DOJ lawyers on this case, if you haven't already, as your client is a federal contractor, and my complaint implicates the terms and execution of that federal contract. So I cannot make any agreements with you or your client without the U.S. DOJ/U.S. DOE at least also being aware of it, and probably also being a party.

We could also all have a conference call to discuss this matter and perhaps a U.S. Dept. of Ed. representative should be there as well.

Thanks,

-Ashley (pro se)

On Wed, Aug 27, 2025 at 2:37 PM Ashley M. Gjøvik <ashleymgjovik@protonmail.com> wrote:

> ------- Forwarded Message -------
> From: Seidler, Jakob <Jakob.Seidler@huschblackwell.com>
> Date: On Wednesday, August 27th, 2025 at 2:36 PM
> Subject: Aidvantage - Student Loan Discharge Proceeding
> To: Ashleymgjovik@protonmail.com <Ashleymgjovik@protonmail.com>
>
> Hi Ashley,
>
> Thank you for taking the time to speak with me last Friday regarding your adversary proceeding to discharge your student loans. As discussed, we believe Aidvantage was mistakenly named as a defendant in your discharge proceeding because Aidvantage does not own student loans, it simply services them on behalf of the Department of Education, and Aidvantage has no authority to discharge your student loans.
>
> Last we spoke, you requested that Aidvantage enter into a binding agreement that it will not service your loan upon discharge. Our deadline to file an answer to the complaint is tomorrow. Due to scheduling issues, we need more time to consult with our client regarding your proposal. Would you please grant us a 2-week extension of our answer deadline while we work to resolve this matter with you? Please confirm by email that you agree to the extension, and we will follow up once we have had a chance to discuss your proposal with Aidvantage.
>
> Thanks,
>
> **Jakob Seidler**
>
> **Attorney**
>
> **HUSCH BLACKWELL**

33 East Main Street
Suite 300
Madison, WI 53703-3095

Direct: 608-258-7391

Fax: 608-258-7138

Jakob.Seidler@huschblackwell.com

huschblackwell.com

**General Assignment / Other**

**Banking & Finance**

Husch Blackwell is a different kind of law firm—structured around our clients'
 industries and built on a culture of selfless service.
Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our
virtual office, The Link, to provide uncommon solutions
to our clients' most complex challenges.

--

**Ashley M. Gjøvik, J.D., PMP**

Director, The D&G Center

Phone: +1 415-964-6272

--

**Ashley M. Gjøvik, J.D., PMP**

Director, The D&G Center

Phone: +1 415-964-6272