**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **In re:** § § | **Case No. 25-11496 (CJP)** | |
| ASHLEY M. GJOVIK, § § | **Chapter 7** | |
| **Debtor**. § § § | | |
| ASHLEY M. GJOVIK § § | Adv. Proc. No. 25-01104 (CJP) | |
| **Plaintiff,** § § | | |
| v. § § | | |
| U.S. DEPARTMENT OF EDUCATION § § | | |
| & § § | | |
| MAXIMUS EDUCATION, LLC D/B/A AIDVANTAGE § § § | | |
| **Defendants.** § | | |

**AIDVANTAGE'S (I) MOTION TO DISMISS ALL
CLAIMS AGAINST AIDVANTAGE PURSUANT TO RULE 12(b)(6) OR,
ALTERNATIVELY, TO COMPEL PLAINTIFF TO AMEND COMPLAINT TO
REMOVE AIDVANTAGE AS A NAMED DEFENDANT AND (II) BRIEF IN SUPPORT**

Defendant Maximus Education, LLC d/b/a Aidvantage ("Aidvantage"), by and through its attorneys, Husch Blackwell, LLP ("HB"), hereby moves to dismiss (this "Motion") all of Plaintiff Ashley M. Gjovik's ("Plaintiff") claims against Advantage as set forth in her *Amended Complaint and Request for Discharge of Student Loan Debt 11 U.S.C. § 523(a)(8)* [Docket No. 8] (the "Amended Complaint") pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6) or, alternatively, for entry of an order directing Plaintiff to amend her Complaint to remove Aidvantage as a Defendant.

**Preliminary Statement**

1. Plaintiff commenced this lawsuit (this "Adversary Proceeding") to obtain a hardship discharge of her educational loan debt in her personal bankruptcy case pursuant to section 523(a)(8) of the Bankruptcy Code. She filed her Amended Complaint on August 25, 2025. Hardship discharge under section 523(a)(8) is the only cause of action that Plaintiff has pleaded against Aidvantage.

2. Plaintiff has inappropriately named Aidvantage as a defendant in her Amended Complaint. Plaintiff pleads that she is indebted to the United States Department of Education ("DOE") as her lender, not Aidvantage, which Plaintiff admits is merely the loan servicer for DOE. Amended Compl. at 5 ¶¶ 14–15. Because Aidvantage is just a loan servicer, Plaintiff has no debt to Aidvantage that could even be subject to discharge and Plaintiff inappropriately named Aidvantage as a defendant in this Adversary Proceeding, which asserts one cause of action for a hardship discharge under section 523(a)(8). *See* 11 U.S.C. § 727(b) ("a discharge under subsection (a) of this section discharges the debtor from all ***debts*** that arose before the date of the order for relief under this chapter…") (emphasis added). Plaintiff's naked assertions that Aidvantage disregarded discharge orders in other cases does not constitute a cognizable legal claim upon which relief can be granted and is irrelevant to whether Aidvantage is a proper party here. Accordingly, Plaintiff has failed to plead any claims against Aidvantage upon which relief can be granted. In the interest of judicial economy and to prevent undue prejudice to Aidvantage, the Court should dismiss Aidvantage from this Adversary Proceeding, or in the alternative, order Plaintiff to further amend her Complaint to remove Aidvantage as a defendant.

**Facts**

3. As set forth in the *Popova Declaration in Support of Aidvantage's Motion to Dismiss* (the "Popova Declaration"), attached hereto as **Exhibit A**, Aidvantage is a loan servicer

of educational loan debt held by DOE. In this role, Aidvantage services student loans for the DOE by handling borrower payments, managing accounts, and providing customer service. Popova Decl. at 2. Under this contractual relationship with DOE, Aidvantage does not itself own the student loans the borrower has with DOE. *Id.* As a loan servicer, neither Aidvantage nor any of its other related companies, corporations or entities have any authority to litigate the discharge of any debt Plaintiff owes to DOE. *Id.* Aidvantage has no authority over discharge or discharge litigation with respect to any debt held by DOE. *Id.*

## Legal Standard

4. Rule 12(b)(6) is made applicable to adversary proceedings by Fed R. Bankr. P. 7012. When considering a Rule 12(b)(6) motion, a court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Decotiis v. Whittemore*, 635 F.3d 22, 28 (1st Cir. 2011) (citation omitted). To survive a motion to dismiss, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and allege "a plausible entitlement to relief." *Id.* at 29 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 570 (holding complaint must allege enough facts to move the claim "across the line from conceivable to plausible"). Applying the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

5. To apply the plausibility standard, courts in the First Circuit "employ a two-pronged approach." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555).

6. First, a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). While detailed factual allegations are not required, mere labels and a formulaic recitation of the elements of a cause of action will not do. *Twombley*, 550 U.S. at 559; *see also Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."); *Maldonado v. Fontanes*, 568 F.3d 263, 266 (1st Cir. 2009) ("The court need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement.").

7. A court must then "take the complaint's well-pled (i.e., nonconclusory, non-speculative) facts as true, drawing all reasonable inferences in the plaintiff's favor and see if they plausibly narrate a claim for relief.'' *Schatz v. Republican State Leadership Comm.*, 669 F.3d at 55. If they do, "the claim has facial plausibility," which is more than a mere possibility that the defendant acted unlawfully, and the claim may survive a motion to dismiss. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d at 12 (quotation omitted) ("The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."); *Iqbal*, 556 U.S. at 678 (holding the Rule 8(a) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, in any action subject to notice pleading standards, "the complaint should at least set forth minimal facts as to who did

what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).

## Argument

8. The Court should dismiss Plaintiff's claim against Aidvantage as a matter of law for failure to state a claim upon which relief may be granted. There are neither factual assertions on the face of the Complaint, nor any evidence attached thereto, to sustain Plaintiff's undue hardship claim against Aidvantage under section 523(a)(8) of the Bankruptcy Code. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d at 12. Educational loan borrowers are indebted to their loan holders, not to loan servicers like Aidvantage, so Plaintiff's claim against Aidvantage is neither plausible nor legally cognizable. *E.g.*, *Johnson v. Duncan*, 746 F. Supp. 2d 163, 168 n.4 (D.D.C. 2010) (holding that loan servicer had "no power or authority to discharge [plaintiff's] … student loans"). Plaintiff has plead insufficient facts to sustain her section 523(a)(8) claim against Aidvantage. The Court should dismiss Aidvantage from the Complaint on this basis alone.

9. Setting aside the hardship discharge under section 523(a)(8) (which cannot be sustained against Aidvantage because Plaintiff is not indebted to Aidvantage), Plaintiff has failed to plead any other cognizable claims against Aidvantage. In paragraph 16 of her Amended Complaint, Plaintiff explains that she included Aidvantage as a defendant "due to her review of public complaints that the servicer has allegedly previously refused to acknowledge bankruptcy student loan discharge decisions. . . ." Amended Compl. at 5 ¶ 16. There are no further factual details regarding this allegation in the Amended Complaint, and the allegation is not tied to any claim or cause of action in the Amended Complaint other than Plaintiff's request for a hardship discharge under section 523(a)(8) of the Bankruptcy Code. *See Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d at 68 ("the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."). Even accepting Plaintiff's allegation as true

as required on a Rule 12(b)(6) motion, Plaintiff fails to explain how Aidvantage's alleged failure to "acknowledge" another borrower's discharge has anything to do with the discharge Plaintiff requests here or otherwise makes Aidvantage a proper party to this case. Indeed, as explained below, Aidvantage has no ability to discharge a student loan owned by the Department of Education. Plaintiff's Complaint amounts to nothing more than an unadorned, naked allegation which fails to rise to the level of **plausibility** that is required to survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678; *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d at 12. Accordingly, the Court should dismiss all of Plaintiff's claims against Aidvantage.

10. In similar cases requesting discharge of student loans owned by the Department of Education where Aidvantage is named as a defendant, courts have *sua sponte* dismissed Aidvantage as a party because Aidvantage is merely the servicer. *Haywood v. United States Dept. of Educ.*, No. 25-00070, Docket No. 12, n.1 (D. Md. June 6, 2025) ("The Complaint in this case names Aidvantage as the sole defendant. However, Defendant [the Department of Education] is the real party in interest as the student loans at issue are owned by Defendant," and granting Department's motion to intervene); *McKenzie v. U.S. Dep't of Educ.*, 6:25-ap-6002, Docket No. 19 (D. Oregon June 18, 2025) ("The court engaged the parties in a discussion regarding Aidvantage's role in the adversary proceeding. [The Department's counsel] confirmed that Aidvantage is the servicer of the student loans held by the Department of Education, and that the department can resolve the case without Aidvantage's involvement.").

11. Several other decisions in federal courts throughout the country likewise support Aidvantage's request for dismissal under Rule 12(b)(6) for the reasons set forth herein. *See, e.g., White v. Great Lakes Educ. Loan Servs., Inc.*, 659 F. Supp. 3d 809, 815 (E.D. Mich. 2023), *reconsideration denied*, No. 1:22-CV-11229, 2024 WL 641019 (E.D. Mich. Feb. 15, 2024)

6

(dismissing claim for discharge of student loan debt against loan servicer because, "Great Lakes, as the loan servicer, has no authority to discharge student-loan debt"); *Gavin v. Dep't of Air Force*, 324 F. Supp. 3d 147, 151 (D.D.C. 2018) ("even if [plaintiff] did have a cause of action for discharge of her student loans, it does not appear that Nelnet would be a proper defendant"); *see also Johnson v. Duncan*, 746 F. Supp. 2d at 168 n.4.

12. In many other cases, the plaintiff, whether proceeding *pro se* or with counsel, has voluntarily dismissed Aidvantage once they and/or their counsel understands that Aidvantage is just a servicer not authorized to discharge any debts held by DOE. *See, e.g.*, *Iweka v. Sallie Mae Bank, et al.*, No. 25-04085, Docket No. 9 (Bankr. N.D. Tex. Aug. 20, 2025) (dismissing Aidvantage from adversary proceeding); *Manu v. U.S. Dept. of Educ.*, 5:25-ap-1049, Docket No. 17 (Bankr. W.D. Ok. July 24, 2025) (same); *Husarsky v. U.S. Dept. of Educ.*, No. 25-00109, Docket No. 5 (Bankr. D. Md. June 30, 2025) (same); *Harrison v. U.S. Dept. of Educ.*, No. 24-04088, Docket No. 7 (Bankr. W.D. Wash. Jan. 15, 2025) (same).

13. Aidvantage calls the Court's attention to publicly available information that confirms that Aidvantage only services federal student loans. For instance, Aidvantage is listed as an "Official Servicer of Federal Student Aid" for "loans that the U.S. Department of Education (ED) owns" on the Federal Student Aid website.[1] The Court may take judicial notice of government websites in deciding this Motion. *See* Fed. R. Evid. 201. Aidvantage's website also explains to borrowers that "Federal Student Aid (FSA) is your federal loan provider."[2]

---

[1] Federal Student Aid, "Who's My Student Loan Servicer?" *available at* https://studentaid.gov/manage-loans/repayment/servicers (last accessed August 8, 2025).

[2] Aidvantage, Official Servicer of Federal Student Aid, "About Aidvantage," *available at* https://aidvantage.studentaid.gov/getting-started/about-aidvantage (last accessed Aug. 8, 2025).

**Conclusion**

WHEREFORE, Defendant Aidvantage respectfully requests that the Court enter an order: (1) dismissing all of Plaintiff's claims against Aidvantage with prejudice or, alternatively, directing Plaintiff to further amend her Amended Complaint to remove Aidvantage as a Defendant; and (2) granting such other relief as the Court deems just and proper.

Dated: October 21, 2025.	Respectfully Submitted,

*/s/ Emily C. Shanahan*
Emily C. Shanahan (BBO# 643456)
Colleen Fox (N.Y. State Bar No. 5280417)
HUSCH BLACKWELL LLP
One Congress Street, Suite 3102
Boston, Massachusetts 02114
(617) 598-6700
(617) 598-6790 *facsimile*
Emily.Shanahan@huschblackwell.com
Colleen.Fox@huschblackwell.com

*Attorneys for Maximus Education, LLC d/b/a Aidvantage*

## CERTIFICATE OF SERVICE

I, Emily C. Shanahan, hereby certify that on October 21, 2025, I caused a copy of the foregoing document and all exhibits thereto to be served through the ECF system, and that copies will be sent electronically to registered participants, and paper copies will be sent to those indicated as non-registered participants requesting notice as of the date herein and as listed below.

*/s/ Emily C. Shanahan*
Emily C. Shanahan

### Via U.S. Mail

Ashley Marie Gjovik
18 Worcester Square, Apt 1
Boston, MA 02118
amgjovik@gmail.com
**Plaintiff, *Pro Se***

U.S. Department of Education
c/o United States Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02210
Attn: Brendan T. Mockler
brendan.mockler@usdoj.gov
**Defendant**